UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GATEWAY OVERSEAS INC.,

                                         05 Civ. 4260 (GBD)
                        Plaintiff,

            - against -

NISHAT (CHUNIAN) LIMITED AND GORDON
EAST,

                        Defendants.

------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S CROSS-MOTION TO DISMISS
AND
IN SUPPORT OF PLAINTIFF'S (REPLY) MOTION FOR PRELIMINARY
INJUNCTION**


                                                  Sanjay Chaubey, Esq. [SC - 3241]
                                                  LAW OFFICES OF SANJAY CHAUBEY
                                                  Empire State Building
                                                  350 Fifth Avenue, Suite 5013
                                                  New York, NY 10118
                                                  Phone: (212) 563-3223

                                                  *Attorney for Plaintiff*
                                                  *Gateway Overseas Inc.*

Plaintiff Gateway Overseas, Inc. ("Gateway") by their undersigned counsel, respectfully submit this memorandum of law in opposition to the cross-motion to dismiss filed by defendants, Nishat Chunian Ltd ("Nishat") and Gordon Fast ("Gordon") and further in support of Plaintiff's motion seeking restrain order on Defendants pursuant to Fed R. Civ. 65 (a)&(b).

The Defendant in its cross-motion to dismiss has pointed the following aspects in support of its motion:

1. Plaintiff is not entitled to a Preliminary Injunction.
2. The court lacks personal jurisdiction over the Defendant.
3. The court lacks subject matter jurisdiction and Venue is improper.

Plaintiff submits arguments and precedent case law in support of its contentions respectively.

## POINT I – PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION

In the matter of *Giddens v. City of Shreveport*, 901 F. Supp 1170 (W.D.La 1995); *Romm Art Creations Ltd v. Simcha Int'l Inc.*, 786 F. Supp 1126 (E.D.N.Y. 1992), it was held that the applicant must show clearly that equitable considerations warrant the preliminary injunction. The traditional facts courts consider in deciding an application for a preliminary injunction include the following: 1) Whether the applicant would suffer irreparable injury if the preliminary injunction is denied, 2) whether the applicant is likely to succeed on the merits, 3) Whether injury to the applicant, if the preliminary injunction is denied, out ways injury to the adverse party if they preliminary injunction is granted and 4) whether the preliminary injunction is in the public interest – *Nandi v. Richter* 976 D.2d 682 (11th Cir. 1992); *Chevron, U.S.A. Production Co. v. O'Leary* 958 F.Supp 1485 (E.D. Cal. 1997). The traditional *four factor test* is used in most of the Federal Circuits. As per the *four-factor test* it is clear from the perusal of affidavit of Madhusudan Wagh, Director

1

of the Plaintiff Corporation that Defendants is a substantial business establishment of Pakistan with considerable resource and influence. It is also clear from the affidavit of Mr. Wagh that associates of Plaintiff Corporation placed in Pakistan have been verbally warned and threatened of dire consequences if the present suit is not discontinued. The stated threat poses present and clear danger to the well being of the associates including to Mr. Wagh in continuing this complaint. If Defendants are not restrained in contacting, communicating in any manner whatsoever with the Plaintiff corporation, its officers, directors, shareholders, agents or representatives, it may result in serious obstruction of complete business operation of the Plaintiff jeopardizing its substantial business interest in Pakistan.

Therefore, it is clear that if preliminary injunction is denied, Plaintiff/Applicant will suffer irreparable injury. It is further clear that if such injunction is granted it will not cause any injury or prejudice to the Defendants. Further, it is not against the public policy or the public interest and needless to say Plaintiff is likely to succeed on merits because the complaint arises out of undisputed breach of written contract.

Some jurisdiction including the Second and Ninth Circuits use an alternative test which requires the applicants to prove either: 1) probable success on the merits and possibility of irreparable harm or 2) serious question on the merit and the balance of hardships tipping sharply in the applicants favor - *Marbled Murrrelet v. Babbitt*, 83 F.3d 1068, 1073 (9th Cir. 1996); *Sweeney v. Bane*, 996 F.2d 1384 (2d Cir. 1993); *United States v. Nutri-cology, Inc*, 982 F.2d 394 (9th Cir. 1992). In the instant case, Plaintiff's contentions meet both the requirement of the suggested alternative test. The probable success on the merits and possibility of irreparable harm is elucidated herein above describing Plaintiff's substantial business interest in Pakistan and Defendant's magnitude, size and influence besides threats of disruptions of business if the suit is not discontinued. This also poses a serious question on the merits and the balance of hardships is definitely tipping sharply in the applicant's favor. In the matter of *Hunt v. City of Longview*, 932 F. Supp 828, 842 (E.D.Tex. 1995), it was held that the court must find that the threatened

2

injury is likely to occur including where Plaintiff proved a "substantial threat" not "absolute certainty" that irreparable injury would result from the denial of injunction.

Injuries, which the courts have commonly found to be irreparable, include cases involving possible bankruptcy (*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct 2561, 2568, 45 L.F 2d 648 (1975)), injury to goodwill of a business or reputation (*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12 (1st Cir. 1996); *Tom Doherty Assocs, Inc. v. Saban Entertainment Inc.*, 60 F.3d 27 (2d Cir. 1995), the loss of unique product or contractual right *Aras v. Salis*, 754 F. Supp. 290 (E.D.N.Y. 1991) and the deprivation of a statutory right (*Sullivan v. Pittsburgh*, 811 F. 2d 171, 180 (3rd Cir. 1987). undoubtedly the threatened action of the defendant is detrimental to Plaintiff's goodwill of business and reputation and may also deprive Plaintiff of a statutory right including but not limited to a threatened prolific and vexatious litigation *In re Martin-Trigona*, 737 F.2d 1254, 1261 (Under its own inherent power to protect its jurisdiction, federal district court was authorized to enjoin party's further litigation activities upon determination that party had used legal processes solely for harassment, had deprived other parties of their right to unimpaired access to federal courts and efficient adjudication, and had diverted considerable judicial resources to this voluminous and largely frivolous litigation). Mr. Madhusudan Wagh, Director of Plaintiff Corporation has stated in his paragraph 6 of his affidavit in support of the motion that:

> *"Thereafter, my another colleague Mr. Usman Ghani contacted and called Mr. Shahzad Saleem, Managing Director of Defendant Nishat Chunian Limited to know what was going on. Mr. Shahzad Saleem threatened him that if Plaintiff does not withdraw the present lawsuit he will file lawsuit in Lahore, Pakistan against the Plaintiff and will also include Usman, Ahsan and their third colleague and partner Mr. Imran Ali. Mr. Saleem further threatened that he will insure that Plaintiff's business suffers and is closed in Pakistan."*

Accordingly, Plaintiff has successfully met its burden of showing that it is entitled to a preliminary injunction and its motion should be granted with all the costs and disbursements.

## POINT II - THE COURT HAS PERFECT PERSONAL JURISDICTION OVER THE DEFENDANT

It is stated that a Plaintiff must establish that a particular court has personal jurisdiction over the Defendant. This can be achieved by presenting facts establishing 1) proper service (or waiver of service) and 2) that personal jurisdiction over the Defendant would comport with constitutional due process requirements. In this matter, Defendants have been properly served and affidavits of service are filed in the court. Further, Defendant by contract agreed that the agreement, which is subject matter of this case will be governed by the laws of the State of New York, U.S.A. (See Exhibit "D" to the accompanying affidavit of Madhusudan Wagh). In this regard, also see the matter of *Burger King Corp.* 471 U.S. at 472 n. 14, 105 S. Ct. At 2182 n. 14.

### Service of Process Upon Defendant No. 1, Nishat

The review of letter along with enclosures filed by Plaintiff's attorney referred as Exhibit A to the motion provides explanation about efforts of the Plaintiff to perfect service as per the Hague Convention but the response from the process server, specifically see Courtney Crow communication from Crow Foreign Service which categorically states:

> *"However, please note that in the last 5 years, Pakistan has not responded to standard request for service in accordance with Hague Service Convention and, unfortunately, there are no provisions within the convention for enforcement of a signatory countries treaty obligations or responses to request for status on service already in their possession."*

In view of the response received from the process service agency, Plaintiff was left with no other choice but to serve Defendant no. 1 under Rule 4(f)(2)(c)(i) FRCP through a personal service by agent deputing a local foreign attorney to serve the process on Defendant no. 1, which was received and acknowledged by the responsible senior officer, Lt. Col. (Ret) Muhammad Ashraf, Manager Personal and Administration, Nishat Chunian Limited, who also signed and stamped the certificate stating receiving of summons and

4

complaint from the local attorney: Chaudhury Fiaz Ahmed Singhaira also signed and notarized the Return of Service besides executing a duly notarized affidavit to this effect. Copies of aforesaid documents are already attached as Exhibit A to the motion. More so, the Defendant no. 2 was also served in both the capacities as Defendant no. 1 and also as representative of Defendant no. 1 in the United States, because all the searches and investigation revealed him to be the representative of Nishat Mills/Nishat Chunian Limited in United States including the third party organizations including Supima.com, d&h.com, where Mr. Gordon East is highlighted as the US contact for Nishat Chunian Limited with an office at 201 S. Craggmore Drive, Salem, SC 29676. See Exhibit C collectively to the motion. Further, the news report published in reputed journal **Home Textile Today** on March 21, 2005 stated:

***"Nishat (Chunian) Limited, has opened a marketing office in South Carolina to boost US business, which amounts to $61 million in 2004, adding capacity."*** (See Exhibit B collectively to the Plaintiff's affidavit in opposition to defendant's cross-motion)

Nonetheless, under some circumstances the service requirements and impact of Hague Convention may be avoided, for example, if the foreign corporation has an agent in the United States, then the problem with obtaining service under the Hague Convention can be avoided pursuant to service under FED.R. CIV P. 4(e). See *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 186 U.S. 694, 698-708, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)

In the matter of *Paul Denlinger v. Chinadotcom Corporation et. al.* 2003 Cal. App. LEXIS 1161 (Cal. App. Ct. 6th App. Dist., 2003) it was held that Article 10(a) of the Convention states "'Provided the State of destination does not object, the present Convention shall not interfere with [*] (a) the freedom to send judicial documents, by postal channels, directly to persons abroad."[1]

---

[1] Article 10 states in its entirety: "Provided the State of destination does not object, the present Convention shall not interfere with [*] (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, [*] (b) the freedom of judicial

5

In addition, the Federal Litigation Guide, New York and Connecticut by Summit, Fuzak, Fischman and Uniman, Published by Mathew Bender states under chapter 10 that:

*"a defendant who asserts the defense of insufficient service of process in its answer may subsequently waived the defense by failing to move for dismissal based on insufficient service in a reasonably timely manner. In determining whether a delay in challenging service by motion to dismiss has resulted in waiver, the court looks at following facts [See Datskow v. Teledyne, Inc., 899 F.2d. 1298, 1302 – 1304 (2d. Cir.), cert. denied 498 U.S. 854 (1990);]*
*• whether the statue of limitations has expired, • whether plaintiff could have cured the defect in service if statute of limitation had not expired, • length of day, • whether the defendant had an opportunity to seek dismissal earlier, • whether a timely motion to dismiss would have saved the opposing party and court significant time and expense."*

It is pertinent to note that Defendant's counsel filed its answer on behalf of both the defendant way back on July 20, 2005 and has moved a cross-claim (not even original motion) with a request to dismiss only after lapse of five months which is clearly covered under the 'length of delay' factor as established in the *Datskow v. Teledyne, Inc.* It is further stated that as per the principals settled in *Datskow v. Teledyne, Inc.* Defendant had all the opportunity to seek dismissal earlier and also a timely motion to dismiss would have saved the Plaintiff and Court significant time and expense.

Therefore, it is concluded that Plaintiff has sufficiently affected service of process upon Defendant No. 1, Nishat pursuant to applicable rules and conventions.

### Contractual Consent to Jurisdiction In New York

Parties to a contract may agree in advance to submit to the personal jurisdiction of a particular court. See *Insurance Corp. of Ireland, Ltd.*, 456 US at 703-04 103 S. Ct. at 2105, (citing *National Equipment Rental, Ltd.*, 275 U.s. at 316 84 S.Ct at 414). Contractual forum selection clauses are prima-facie valid and should be enforced unless grounded on a

---

officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination [,] [*] (e) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

6

contract whose terms have been obtained through fraud, undue influence overweening bargaining power or when application would render litigation so gravely difficult and inconvenient that a party would all practical purposes be deprived of her day in court. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 173n. 14, 105 S. Ct. 2174 2182 n 14, 2189, 85 L.Ed.2d 528 (1985), citing *M/S Bremen v. Zapata Off-Shore Company*. It is innocuous to state the entire case rests on the Commission Agreement dated February 28, 2000, wherein Shahzad Saleem, Director of the Defendant No. 1 has signed and stated:

**"This agreement will be governed by the laws of the State of New York, U.S.A."**

It is undisputedly established that the parties consented to the jurisdiction of the Honorable Court by agreement in advance. Now, Defendant cannot doubt or contradict the jurisdiction vested and acquired by this Honorable Court. Besides the above Defendant had addressed and contracted with the Plaintiff Corporation, which is a duly registered New York Corporation. Defendant no. 2 sought employment and work for gain for the duly registered New York Corporation, the breach of contract has resulted loss of business and reputation to the New York Corporation and parties contracted consented for jurisdiction with a New York Corporation. Hence, by any stretch of imagination it is impossible to challenge the personal jurisdiction of this Honorable Court.

## POINT III - THE COURT HAS PERFECT SUBJECT MATTER JURISDICTION AND VENUE IS PROPER

This court has original jurisdiction over this action pursuant to 28 USC §1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy five thousand ($75,000.00). See Verified Complaint dated April 18, 2005 where Complainant has demand a judgment against Defendant in amount believed to be over US 1.75 million besides all other monetary demands. The diversity of the parties is also not disputed as the Plaintiff is the duly incorporated New York Corporation and

7

Defendant no 1 is a corporation establishing and existing corporation in Pakistan and Defendant no. 2 is an individual who is the prior employee of Plaintiff and at present employee/representative of Defendant No. 1. Therefore, court has perfect subject matter jurisdiction. As per 28 USCA § 1391, the general venue statute, unless there is a special statute for a venue for a particular type of claim, the general venue statute applies to actions grounded either on diversity of citizenship or on a federal question.

### Plaintiff's contract claim does not violate statute of fraud

As per the general definitions and principal of interpretations provided under Form, Formation and Readjustment of Contract under the New York Commercial Law Section 1 201 (3) provides

*"**Agreement**" means the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this Act (Sections 1-205 and 2-208). Whether an agreement has legal consequences is determined by the provisions of this Act, if applicable; otherwise by the law of contracts (Section 1-103)."*

And subsection 11 provides definition of contract as:

*"**Contract**" means the total legal obligation which results from the parties' agreement as affected by this Act and any other applicable rules of law."*

Therefore, by application of both the afore stated definitions Commission Agreement dated February 28, 2000 signed and delivered by Shahzad Saleem, Director of the Defendant no. 1 does not fall under Statute of Frauds, for the reasons that it meets the requirement of **"Agreement"** and or **"Contract"** as stated above. In addition, both the parties are merchants and the Agreement by conduct has been partially or completely acted upon even the parties received benefit of said Agreement, which is not disputed. The said Agreement is in writing and includes all the essential items of the Contract and there is no challenge to the signature of Shahzad Saleem, the party sought to be charged in this matter.

8

Therefore, Defendants claim of Contract violates the statute of fraud is neither sustainable in fact nor in law.

### Gordon East's Employment Contract

As far as Gordon East's Employment Contract is concerned, Plaintiff draw the attention of the Honorable Court to the communication transmitted by Gordon East himself to the Plaintiff Corporation which is annexed as Exhibit A to the Plaintiff's affidavit in opposition to cross-motion, wherein he states:

*"one year is a gentlemen's agreement and I will honor it as you said you would. If at the end of that year you are pleased and it has working to the benefit of gateway and me, then we will continue -- that's guarantee. I want to make money and I want to enjoy what I do. I have no desire to go elsewhere. I did however advise you that there are certain technical trainings (marine) that I want to pursue as a back up to this. You can be assured that there will be no competitors if this works well for us, there will be a long business relationship. One lasting until we both retire. – Gordon."*

The misconduct of joining the client of the Plaintiff much before expiry of one year (*gentlemen's agreement*) is self evident and does not need any further discussion or case law to support the contentions of the Plaintiff and Plaintiff leaves the issue for determination by the Honorable Court.

### Plaintiff's Claim for Conversion

In regard to Defendant's contention that Plaintiff has not stated a claim for conversion it is respectfully submitted that Plaintiff in its complaint has stated as following: See Page 7, paragraph 19 of the Complaint.

***Defendants have committed conversion by using the resources of the plaintiff for their material gain and are liable for payment for the cost and expenses incurred by plaintiff on traveling, boarding, office resources and infrastructure including man power used by defendants in the amount of US $110,000.00***

Moreover, Defendant through their counsel admits the fact in their Memorandum of Law in Support of their Cross-Motion to Dismiss at page 18. Nonetheless, Defendant

9

through their counsel raises the question as to explanation, which is subject matter of fact finding and determination by the Honorable Court upon trial.

Nevertheless, Defendant through their counsel has also raised issues pertaining to Plaintiff's claim for diversion of corporate opportunity, tortuous interference with employment contract and tortuous interference with Plaintiff's business relation as supplemental arguments under the paragraph of Subject Matter Jurisdiction which have become superfluous and unnecessary in single argument as made herein above pertaining to subject matter and jurisdiction by consent by the parties in this matter.

In view of all of the afore mentioned law and facts, it is convenient to conclude that venue and jurisdiction are not only proper but also perfect before this Honorable Court. The Court has perfect personal and subject matter jurisdiction over the parties herein particularly the Defendants.

## CONCLUSION

Considering all of the afore mentioned facts, circumstances, reasons and laws, Plaintiff, Gateway Overseas, Inc. respectfully requests that the Court grant its motion for preliminary injunction in all respects and dismiss the Defendant's cross-motion seeking dismissal of complaint with further request to award Plaintiff it cost and disbursements for this action.

Dated: January 31, 2006
      New York, New York

Respectfully submitted,

/s/ Sanjay Chaubey, Esq.

Sanjay Chaubey, Esq. [SC – 3241]
Empire State Building
350 Fifth Avenue, Suite 5013
New York, NY 10118
Phone: (212) 563-3223