EXHIBIT 'A'

Sanjay Chaubey, Esq. [SC – 3241]
LAW OFFICES OF SANJAY CHAUBEY
Empire State Building
350 Fifth Avenue, Suite 5013
New York, NY 10118
Phone: (212) 563-3223

*Attorney for Plaintiff*
*Gateway Overseas Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...........................................................................X

GATEWAY OVERSEAS INC.,

                        Plaintiff,

                 - against -

NISHAT (CHUNIAN) LIMITED AND GORDON EAST,

                        Defendants.
...........................................................................X

05 Civ. 4260 (GBD)

**AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S CROSS-MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S (REPLY) MOTION FOR PRELIMINARY INJUNCTION**

I, Madhusudan Wagh, Director of the plaintiff Gateway Overseas Inc., being duly sworn and depose as under:

1. I am the Director of the plaintiff corporation and as such fully aware of the facts and circumstances of this action and competent to affirm this affidavit.

2. I am making this affidavit in opposition to Defendant's cross-motion to dismiss and in support of Plaintiff's (reply) motion seeking preliminary injunction.

3. I have received and reviewed the declarations made by Gordon East, Mian Muhammad Mansha, Shahzad Saleem and Salman Akram Raja. Following are the responses to the contents of respective declarations of the aforesaid persons:

   a. Responses to declaration of Gordon East:
      1. Contents of paragraph 1 of the declaration are wrong and denied.
      2. Contents of paragraph 2 of the declaration are wrong and denied and it is further stated that Gordon East did not had the job of "buyer" rather he was a **"Processor"** and Gordon East did not had any authority to purchase.
      3. In response to paragraph 3, 4 and 5, it is not denied by the Plaintiff that it did not bring Defendant to West Point Stevens initially. The statements made by and on behalf of Defendant clearly shows that Defendant had attempted to gain entry in the business of West Point Stevens through at least two other agents without any success before appointing Plaintiff and succeeding in its pursuit.
      4. Contents of paragraph 6 are wrong and denied to the extent that no visit as described was made by the West Point Stevens delegation. However, Defendant Shahzad did visit New York and visited other customers with me. Nonetheless, first and real order in the amount of $651,798.81 (vide

2

P.O. Number 463399) was procured by Plaintiff for Defendant on or around August 2000, after their appointment as representative/agents.

5. In response to paragraph 7 of the declaration, it is stated that it's admission by Gordon East as acceptance of Plaintiff as Defendant's lawful agent/representative.

6. In response to paragraph 8 to paragraph 11 of the declaration, it is stated that rather it was Mr. East who persuaded Plaintiff for a job because he was fed up working with West Point Stevens. After joining everyday Mr. East conveyed how happy he was to work for the Plaintiff. Mr. East's comments in paragraph 11 are contradictory to his emails dated July 12, 2000 (See attached as **Exhibit 'A'**) assuring Plaintiff that he has no desire to work elsewhere and even lured to take up the job by stating that *"one year is a gentlemen's agreement and I will honor it as you said you would. If at the end of that year you are pleased and it has working to the benefit of gateway and me, then we will continue – that's guarantee. I want to make money and I want to enjoy what I do. I have no desire to go elsewhere. I did however advise you that there are certain technical trainings (marine) that I want to pursue as a back up to this. You can be assured that there will be no competitors if this works well for us, there will be a long business relationship. One lasting until we both retire. – Gordon."*

7. In response to paragraph 12 and 13, it is stated that acts and conduct described by Gordon East itself demonstrates breach of duty of loyalty as

3

employee of Plaintiff. I further state that Gordon East persuaded Defendant to breach the contract with Plaintiff and become the direct representative by passing the Plaintiff Corporation.

8. In response to contents of paragraph 14 to 19, it is stated that the contents are wrong and misleading as such denied by the responding Plaintiff. In addition, it is stated that Defendant 2 and 1 are in collusion to maintain separate and joint identities as suiting to their requirements. Statements contradictory to the contents of paragraph are attached as **Exhibit 'B'** collectively where a reputed industry journal Home Textile Today provides news report stating that "*Nishat (Chunian) Limited, has opened a marketing office in South Carolina to boost US business, which amounts to $61 million in 2004, adding capacity.*" Further the other organization also reflects Mr. East as representative of Defendant Nishat Chunian Limited with an office at 201 S. Craggmore Drive, Salem, SC 29676. I further believe that Nishat Chunian Marketing, Inc. is totally funded by Defendant no. 1. It is operated for sole benefit of Defendant no. 1. It shares name, business and reputation of Defendant No. 1. Hence, I strongly believe that Nishat Chunian Marketing, Inc. is merely an extension of Defendant no. 1 and shall not survive without Nishat Chunian Limited.

9. In response to contents of paragraph 20 and 21, I state that it is a legal submission and the Honorable Court will make a decision based on documents and evidence supplied by the parties.

4

b. Responses to declaration of Mian Muhammad Mansha:

1. I state that contents of paragraph 1, 2 and 3 are denied for the lack of sufficient knowledge or information to form a belief. However, it is categorically pointed out that the brochure of Nishat Group totally contradicts Mr. Mansha's statements that Nishat Chunian Limited has nothing to do with it rather in its brochure it claims ownership of Nishat Chunian Limited. Copy of the brochure is annexed hereto as **Exhibit 'C'** to this affidavit.

2. In response to paragraph 4 of the declaration, statements contained in my affidavit in support of my motion seeking preliminary injunction are reiterated.

3. In response to paragraph 5 of the declaration, it is stated that the contents of paragraph 5 of my affidavit in support of my motion seeking preliminary injunction are reiterated.

c. Responses to declaration of Shahzad Saleem:

1. I state that contents of paragraph 1 to 4 are denied for the lack of sufficient knowledge or information to form a belief.

2. In response to paragraph 5 to 7, it is stated that they are mere statements of Mr. Saleem showing how desperately he was trying to enter business with West Point Stevens and was not succeeding before he was represented by the Plaintiff to procure orders.

6

3. In response to paragraph 8 to 13, it is stated that Mr. Saleem has admitted entering into a Representation Agreement for Commission dated February 28, 2000 which is attached as **Exhibit 'D'** to this affidavit clearly states the term of appointment limited to 3% commission on each and every order provided by buyer's introduced by Plaintiff. The only other fact it states that this agreement will be governed by the laws of the State of New York, U.S.A. Rest of the contents pertaining to exclusive representation is neither in the agreement nor agreed upon the parties herein.

4. In response to contents of paragraph 14 through 17, I state that contents are wrong and denied. The Representation Agreement as stated above is the last and the final agreement between the parties in writing and all following agreements as stated by Mr. Saleem are wrong and denied. No amendment was made in writing or verbally thereafter.

5. In response to paragraph 18 through 21, it is stated that Mr. Shahzad Saleem has expressed his understanding and perception about the alleged breached by Plaintiff in representing other greige manufacturers to West Point Stevens, which is neither just nor fair as it was nowhere in the agreement between the parties. Nonetheless, it shows unilateral and unjustified termination of agreement by Defendant and same as been admitted fact in the affidavit of Mr. Shahzad Saleem. I further state that in paragraph 20 categorically Mr. Saleem has admitted unlawful interference with the employees of the Plaintiff in alluring them to breach Employment Contract with the Plaintiff. However, about forming a company in the

6

name of Nishat Chunian Marketing Company, Inc. I have already attached Exhibit C showing a collusive entity formed by Defendants to protect themselves in similar situations, which are not true and correct.

6. Contents of paragraph 22 are unconditional and unequivocal admission of service of Summons and Complaint on the Defendant No. 1.

7. Contents of paragraph 23 through 25 needs no response.

8. In response to paragraph 26 through 28, these are mere denials by Mr. Saleem with no evidence in support as such needs no comments by me and I reiterate my statements in paragraph 6 of my affidavit in support of my motion seeking preliminary injunction.

d. Responses to declaration of Salman Akram Raja:

1. Contents of paragraph 1 through 3 are denied for the lack of sufficient knowledge or information to form a belief.

2. In paragraph 4 of the declaration, Mr. Akram Raja states that process does not confirm with the law of Pakistan. Firstly, the service has to be in conformity with the Federal Rules of Civil Procedure as applicable in the State of New York rather than laws of Pakistan. Secondly, I am not an expert on Pakistani law and as such not competent to comment on the legal issue.

In view of the aforesaid facts and circumstances I request the Honorable Court to grant the relief as requested as following:

7

    a. Grant the Plaintiff' Motion in all respects.

    b. Deny in entirety Defendant's Cross-Motion to Dismiss.

    c. Award cost and disbursement of this motion to the Plaintiff.

    d. Pass any such other order or relief as the Honorable Court may deem fit and proper under the circumstances of the present case.

Dated: January 30, 2006
      New York, New York

_____
Madhusudan Wagh

Sworn to before me this
30th day of January 2006

_____
Notary Public

Shriya Cho[...]
[...] New York
[...]637
[...] Westchester County
Commission Expires May 08, 20[...]